# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| TAMMY CRABTREE, ) | |
| ) | Case No. 3:20-cv-263 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Susan K. Lee |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security ) | |
| ) | |
| *Defendant*. ) | |

## MEMORANDUM AND ORDER

On July 1, 2021, Magistrate Judge Susan K. Lee filed a Report and Recommendations (Doc. 26) in this case, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). Magistrate Judge Lee recommended that: (1) Plaintiff's motion for summary judgment (Doc. 22) be denied; (2) the Commissioner's motion for summary judgment (Doc. 24) be granted; and (3) the Commissioner's decision denying Plaintiff's disability insurance benefits be affirmed. Plaintiff timely filed objections to Magistrate Judge Lee's Report and Recommendations (Doc. 27), and the Commissioner responded. (Doc. 28.) After careful review of Magistrate Judge Lee's Report and Recommendations and the underlying administrative record, the Court **ACCEPTS** and **ADOPTS** Magistrate Judge Lee's findings of fact, conclusions of law, and recommendations. (Doc. 26.).

### I. STANDARD OF REVIEW

The Court must conduct a *de novo* review of portions of the Magistrate Judge's Report and Recommendations to which specific objections are made unless the objections are frivolous,

conclusive, or general. *See* 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections to the Magistrate Judge's Report and Recommendations need be considered; general objections or objections raised prior to the Report and Recommendations are waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004); *Smith*, 829 F.2d at 1373. The Plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Hum. Servs.*, 46 F.3d 510, 512 (6th Cir. 1994).

The Court's review is limited to determining if the ALJ's findings are supported by substantial evidence and if proper legal standards were applied. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Hum. Servs.,* 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). The burden to meet the substantial evidence threshold is "not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence "means . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If supported by substantial evidence, the Court must affirm the ALJ's findings, even if substantial evidence also supports the opposite conclusion. *Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 475 (6th Cir. 2003). The substantial evidence standard "presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts." *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994). The Court may not resolve evidentiary conflicts or make credibility determinations. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## II. ANALYSIS

Plaintiff makes two objections. First, Plaintiff contends that Magistrate Judge Lee erred in finding that the ALJ's decisions regarding the severity of her conditions were harmless.

Plaintiff argues that the ALJ did not properly calculate her residual functional capacity ("RFC") because the ALJ did not expressly discuss her nonsevere impairments. Consequently, Plaintiff argues that the ALJ committed reversible error in the severity determination. (Doc. 27, at 3–4.) Second, Plaintiff argues that the Magistrate Judge erred in permitting the ALJ's credibility and weight determinations regarding medical opinions to stand. (Doc. 27, at 7.) After conducting a *de novo* review of the evidence, the Court finds that Plaintiff's objections should be **OVERRULED**.

### A. Impairment Severity and Plaintiff's RFC

Plaintiff claims that Magistrate Judge Lee erred in upholding the ALJ's determination of Plaintiff's RFC as based on substantial evidence, arguing that the ALJ's "failure to consider" Plaintiff's nonsevere conditions was "an error of law." (Doc. 27, at 4.) Plaintiff's arguments were thoroughly addressed in Magistrate Judge Lee's Report and Recommendations. Magistrate Judge Lee correctly determined that any error by the ALJ in the severity analysis was harmless, as the ALJ adequately considered Plaintiff's nonsevere conditions in the RFC determination. (Doc. 26, at 15.)

The ALJ follows a five-step process when determining a claimant's disability status. *See* 20 C.F.R. § 404.1520(a)(4)(i–v). Even if the ALJ determines that an ailment is nonsevere, he must nonetheless consider the ailment when evaluating a claimant's RFC. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 851 (6th Cir. 2020); *see also* 20 C.F.R. § 416.945(e). As Magistrate Judge Lee correctly noted, so long as one severe ailment is found, "an erroneous finding of non-severity at step two is [] harmless where the ALJ properly considers nonsevere impairments at later steps." *Id.* at 852 (citing *Maziarz v. Sec'y of Health & Hum. Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)).

In this case, the ALJ found that the Plaintiff suffered from two severe ailments: (1) mild degenerative disc disease post lumbar discectomy, and (2) osteoarthritis post arthroscopic bilateral Mumford procedures on both shoulders. (Doc. 16, at 15.) In *Emard*, the ALJ stated that she had considered the entire record when determining the claimant's RFC and cited to Social Security Ruling (SSR) 96-8P, which requires complete consideration of severe and nonsevere impairments in the RFC analysis. 953 F.3d at 851–52; *Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8P (S.S.A. July 2, 1996). The Sixth Circuit determined that the ALJ's statement was sufficient to conclude that the claimant's nonsevere conditions were adequately considered. *See id*. at 851–52.

In this case, the ALJ adequately considered Plaintiff's severe and nonsevere conditions when determining her RFC, stating that "any [] effect that the claimant's non-severe impairments would have on her ability to function have been considered when formulating claimant's residual functional capacity." (*See* Doc. 16, at 17.) The ALJ discussed the absence of functional limitations caused by Plaintiff's nonsevere conditions and assessed the credibility of each piece of medical evidence. (*See* Doc. 26, at 11.) As Magistrate Judge Lee correctly noted, the ALJ was not required to discuss the nonsevere conditions in combination. *See Emard*, 953 F.3d at 851; *see also Gooch v. Sec'y of Health & Hum. Servs.*, 833 F.2d 589, 592 (6th Cir. 1987) ("[T]he fact that each element of the record was discussed individually hardly suggests that the totality of the record was not considered."); *see also Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (per curiam) ("[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party."); (*see* Doc. 26, at 14 –15.). Finally, the ALJ in this case, like the ALJ in *Emard*, appropriately cited to SSR 96-

8P.  (*See* Doc. 16, at 17.)   The ALJ's analysis was therefore sufficient, and any error at Step 2 of the disability analysis is harmless.  *See Emard*, 953 F.3d at 851–52.

Magistrate Judge Lee's analysis of the record was careful and thorough, and her citations to *Emard* were appropriate.[1]  Consequently, Plaintiff's objections to both the severity and RFC determinations fail.

## B. Weight Assigned to Opinion Evidence

Plaintiff also asserts that Magistrate Judge Lee erred in permitting the ALJ to include different limitations than were included in the state physicians' opinions, arguing that the ALJ's opinion was "not supported by substantial evidence because [the ALJ] did not explain the difference between her RFC and the opinion evidence to which she purported to give great weight." (Doc. 27, at 7.)  The ALJ, however, is not required to adopt any opinion evidence in its entirety, even if the ALJ assigns the evidence "great weight."  *See Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) (internal citations omitted).  This is true even where multiple experts agree on a claimant's limitations.  *See id*.  As Magistrate Judge Lee correctly observed, in *Reeves*, the ALJ elected not to include a limitation on a claimant's interaction with

---

[1] Plaintiff contends that the "ALJ's" reliance on *Emard* is misplaced. (*See* Doc. 27, at 3.)  The Court assumes that Plaintiff means Magistrate Judge Lee, rather than the ALJ.  Plaintiff, however, offers no compelling reasons why *Emard* should not control this case.  Plaintiff cites *Buzzo v. Saul*, 2021 WL 932020 (E.D. Tenn. Mar. 11, 2021), as a rebuttal to *Emard*.  The Magistrate Judge in *Buzzo*, however, cites *Emard* and states that the ALJ did not comply with *Emard*'s mandates.  2020 WL 932020, at *6–7.  The ALJ in *Buzzo* failed to discuss any functional impairments arising from nonsevere conditions entirely and did not cite to SSR 96-8P. *Id.* at *7.  Likewise, in *Trent v. Saul*, 2021 WL 185233 (E.D. Ky. Jan. 21, 2021), also cited by Plaintiff, the ALJ failed to address certain evidence of the plaintiff's mental impairments entirely when determining his RFC.  2021 WL 1853233, at *3.  By contrast, the ALJ in this case discussed both the presence and absence of functional limitations arising from Plaintiff's nonsevere conditions, analyzed medical evidence of all nonsevere conditions, discussed Plaintiff's testimony regarding her conditions, and cited to SSR 96-8P.  (*See* Doc. 26, 9–14.)  Consequently, both *Buzzo* and *Saul* are distinguishable, as the ALJ in those cases failed entirely to address claimants' nonsevere conditions.

coworkers despite two concurring opinions by psychologists that suggested the claimant was "moderately limited" in interactions with "fellow workers or supervisors." *Id*. The ALJ in *Reeves*, like the ALJ in the present case, assigned those opinions "great weight." *See id.* at 272. The Sixth Circuit noted that "[e]ven where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale." *Id*. at 275.

In this case, both state medical consultants agreed that Plaintiff should be limited as to frequent overhead reaching and fingering. (Doc. 16, at 71, 86.) The ALJ chose not to include this limitation, however, after noting that Plaintiff had "full strength in her upper and lower extremities" following bilateral Mumford procedures—which were conducted after the state consultants' reviews of Plaintiff's medical records—and that Plaintiff's bilateral carpal tunnel syndrome had improved such that it only "minimally" impacted her ability to work. (*Id*. at 5, 20.) As discussed at length in Magistrate Judge Lee's Report and Recommendations, there is substantial evidence to support the ALJ's deviation from the state consultant's opinions. Accordingly, the Court will not disturb the ALJ's decision. *See Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996).

Plaintiff also argues that the ALJ impermissibly discounted the examining consultant's opinion because it was based on "subjective complaints." (Doc. 27, at 11.) As Magistrate Judge Lee correctly noted, however, the ALJ was not required to give "good reasons" for discounting the consultant's opinion because the consultant was not a treating source. *See Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875–76 (6th Cir. 2007). The ALJ's decision to discount the opinion was based on its partial consistency (and, therefore, partial inconsistency) with the objective medical evidence. (*See* Doc. 16, at 22.) The consultant's report found that Plaintiff had normal

muscle tone in her extremities and had normal grip strength. (*Id*. at 1051.) This finding is consistent with much of the objective medical evidence. Nonetheless, the consultant's report concluded that Plaintiff had fingering limitations based on "pain." (*Id*.) Furthermore, the consultant's opinion was internally inconsistent. The consultant offered no justification other than "neck and back pain" for Plaintiff's frequent fingering limitation but offered justifications for Plaintiff's limitations on lifting, carrying, reaching, pushing, and pulling. (*See id*. at 1047, 1051 ("[Plaintiff] has significant decreased range of motion of her neck, back which will present problems with reaching, pushing and pulling as well as lifting and carrying . . . [Plaintiff's] decreased ability to . . . flex her wrists will also give her some difficulty with respect to being able to lift and carry.").) Because the consultant's opinion offered no justifications for some of his findings, the ALJ's decision to discount the consultant's opinion is supported by substantial evidence. (*See* Doc. 26, at 18–19.)

The ALJ's discussion of Plaintiff's conditions was adequate and "the effect of a claimant's conditions on her ability to work [] is a determination expressly reserved for the ALJ." *Reinartz v. Comm'r of Soc. Sec.*, 795 F. App'x 448, 449 (6th Cir. 2020). Because the ALJ's decision is supported by substantial evidence, the Court, like Magistrate Judge Lee, finds no reason to disturb the ALJ's decision.

### III. CONCLUSION

Having reviewed Magistrate Judge Lee's Report and Recommendations, as well as all the record evidence presented in this case, the Court agrees with Magistrate Judge Lee's well-reasoned conclusions.

Accordingly:

1. The Court **ACCEPTS** and **ADOPTS** Magistrate Judge Lee's findings of fact,

conclusions of law, and recommendations (Doc. 26) pursuant to § 636(b)(1) and Rule 72(b);

2. Plaintiff's Objections (Doc. 27) are **OVERRULED**;

3. Plaintiff's Motion for Summary Judgment (Doc. 22) is **DENIED**;

4. Defendant's Motion for Summary Judgment (Doc. 24) is **GRANTED**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**